# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                         Plaintiff,

v.

STACY L. CHAPPELL,

                        Defendant.

Case No. 20-CR-241-JPS

**ORDER**

       Defendant Stacy L. Chappell ("Chappell") is charged in a seven-count indictment with offenses relating to armed robbery. (Docket #1). On February 8, 2021, Chappell moved to suppress a photographic line-up as unconstitutionally suggestive. (Docket #11). The Court now considers Magistrate Judge Stephen C. Dries's Report and Recommendation ("R&R") denying that motion to suppress. (Docket #27).

       When reviewing a magistrate's recommendation, this Court is obliged to analyze *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[t]he district judge has jurisdiction over the case at all times," and the parties' lack of objection "does not preclude further review by the district judge, sua sponte[,]. . .under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). The Court's review encompasses both the magistrate's legal analysis and factual findings. *Id.; see also* Fed. R. Crim. P. 59(b).

Neither Chappell nor the Government have filed any objections to Magistrate Dries's R&R. The Court has carefully reviewed the R&R and finds that Magistrate Dries correctly applied the two-step test to determine whether an identification is unconstitutional. *See United States v. Traeger*, 289 F.3d 461, 474 (7th Cir. 2002). This test asks, "whether the defendant established that the identification procedure was unnecessarily suggestive." *Id.* If the identification was *not* unnecessarily suggestive, the inquiry ends. If, however, the Court determines that the identification was unnecessarily suggestive, the Court will consider "whether, under the totality of the circumstances, the identification was reliable despite the suggestive procedures." *Id.*

Magistrate Dries evaluated the six photographs that were included in the lineup and determined that although Chappell was the youngest participant and the only person wearing a grey Adidas jacket,[1] the lineup was not unduly suggestive. All men involved had similar builds, complexions, facial hair, and haircuts. The signs of aging that might make a younger suspect stand out in a lineup—such as receding hairlines or grey hair—are not at issue here, nor is Chappell the only suspect without deep wrinkles. Additionally, in explaining his basis for the identification, the witness did not rely on the suspect's relative youth or his Adidas jacket. Rather, the witness noted that Chappell's face structure, eyebrows, skin complexion, and build were the same as the person he had seen. *See* (Docket #27 at 3). Chappell has not alleged any other components of the photographic lineup that may have rendered it unduly suggestive. To the

---

[1] The suspect sought wore a *black* Adidas jacket during the alleged robberies.

extent the witness was uncertain about his identification (i.e., by selecting "maybe," then "yes" on second thought), Chappell remains free to cross-examine the witness at trial.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Stephen C. Dries's Report and Recommendation (Docket #27) be and the same is hereby **ADOPTED in full**; and

**IT IS FURTHER ORDERED** that Defendant Stacy Chappell's motion to suppress the photographic lineup (Docket #11) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge